KINNEY v. STATE.

No. A-11051.   Feb. 8, 1950.

(214 P. 2d 726.)

R. O. Swimmer and James R. McKinney, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. This is an appeal from a conviction and sentence of 30 days in the county jail and a fine of $50, sustained in the county court of Cleveland county, for the unlawful possession of a whisky still.

The first contention is that the information was duplicitous. No demurrer on account of duplicity was filed. However, before the commencement of the trial, counsel for the defendant moved the court to require the state to elect upon which count of the information they were relying for a conviction. Whereupon, the county attorney elected to stand on count one which charged the possession of a whisky still. The court thereupon struck count two from the information. This count alleged that defendant had the unlawful possession of whisky. Before count two of the information was striken, the information was certainly duplicitous. However, the striking of count two from the information amounted to an amendment of the information, and after the striking of count two, the information was not duplicitous, but charged only the one offense of possession of a whisky still.

It is next contended that the court erred in admitting evidence of other offenses. This assignment is directed at the admission in evidence of testimony of the officers that they found a still, mash, whisky, numerous kegs and bottles at the place where the still was in operation.

The possession of whisky and the possession of a still are two separate and distinct charges, but the evidence

concerning these two in the instant case was so closely connected as to form a part of an entire transaction.

In Doser v. State, 88 Okla. Cr. 299, 203 P. 2d 451, 454, it is held:

"It may be regarded as settled that where the offense charged is so connected with the other offenses sought to be proved as to form a part of an entire transaction, evidence of the latter may be given to show the character of the former."

It is further contended that the evidence is insufficient to support the conviction. The evidence of the state showed positive identification of defendant as one of three men who were operating a whisky still about 20 miles northeast of Norman in Cleveland county, Okla. The three men, who were observed by the officers when they were operating a still, fled when the officers approached. A truck at the scene of the still had some literature in it addressed to the defendant, which included an ice card and a certificate from the International Harvester Company. One of the officers identified the defendant the next day as being one of the three men who were at the still. In addition, the man who had control of the farm on the land where the still was located testified that he and his wife noticed where the fence had been torn down and somone had entered his place. He was looking for a lost cow and came upon the whisky still in operation. The defendant was there and offered the farmer a quart of whisky. The farmer left and notified the officers who came out and made the raid. The defendant did not testify, but he offered evidence which would tend to establish an alibi for him.

The evidence raised an issue of fact for the determination of the jury. We feel bound by their verdict.

The judgment and sentence of the county court of Cleveland county is affirmed.

BRETT and POWELL, JJ., concur.